IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JESSIE LEE FARMER, JR.                                                                  PLAINTIFF

v.                                         Civil No. 6:20-cv-06017

SERGEANT GARRETT; WARDEN
BALL; and DEXTER PAYNE                                                              DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC"), Ouachita River Unit, serving a sentence as a result of a conviction. (ECF No. 7, p. 3). Plaintiff filed his Complaint on February 24, 2020. (ECF No. 1). On March 4, 2020, the Court entered an order directing Plaintiff to file an amended complaint to clarify his claims. (ECF No. 6). On March 11, 2020, Plaintiff filed an Amended Complaint. (ECF No. 7).

In Claim One, Plaintiff alleges on December 7, 2019, Sergeant Garrett violated the ADC's legal mail policy when he "opened up my legal mail that should have not been open he riped it open damaging the envelope in which I was only needing additional postage to be added…" (ECF No.

7, p. 4). Plaintiff describes his official capacity claim against Defendant Garrett as, "Employee Conduct Arkansas Regulation 225 and Policy #16.2.0 Inspection of legal mail." *Id.* at p. 5.

In Claim Two, Plaintiff states on December 7, 2019, Warden Ball "failed to make sure that his security officer was properly trained in passing out legal mail. Because officer was [not] properly trained my legal mail was destroyed…" (ECF No. 7, p. 5). Plaintiff describes his official capacity claim against Defendant Ball as, "Employee conduct AR-225." *Id.* at p. 6.

In Claim Three, Plaintiff names Dexter Payne, the Director of the ADC, as the Defendant who violated his constitutional rights. Plaintiff describes this claim as follows, "Merit was found with a grievance I filed at Unit level upon filing appeal Rory Griffin is responding in the directors place which isn't the director of ADC…" (ECF No. 7, p. 6). Plaintiff describes his official capacity claim against Defendant Payne as "Employee conduct AR-225 Policy #03.08.0". *Id.* at p. 7.

Plaintiff is seeking compensatory and punitive damages. *Id.* at p. 9.

## II.    APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537,

2

541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

#### A. Individual Capacity Claim against Defendant Payne

Plaintiff alleges Defendant Payne failed to respond to one of his grievances found to have merit on appeal. Plaintiff states another ADC employee – Rory Griffin – responded in Defendant's Payne's place. The law is clear that inmates do not have a constitutionally protected right to a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)). Therefore, a prison official's failure to respond to or process an inmate's grievances, without more, is not actionable under § 1983. *Id.* Accordingly, Plaintiff's allegations relating to Defendant Payne's failure to respond to his grievance fail to state a claim upon which relief may be granted.

#### B. Official Capacity Claims

Plaintiff's official capacity claims against all Defendants are barred by sovereign immunity. "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). The Defendants in this case are all employees of the ADC. Thus, Plaintiff's official capacity claims against the Defendants are claims against the ADC. *Id*. The ADC is an agency of the State of Arkansas. *See Fegans v. Norris,* 351 Ark. 200, 206, 89 S.W.3d 919 (2002). States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate

3

constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

The Defendants in this case are all employees of the State of Arkansas. As such, the official capacity claims against them for monetary damages are barred by sovereign immunity.

## IV.   CONCLUSION

For the foregoing reasons, I recommend Plaintiff's individual capacity claim against Defendant Payne and the official capacity claims against all Defendants be **DISMISSED WITH PREJUDICE.** 28 U.S.C. § 1915(e)(2)(B).

In addition, I recommend Plaintiff's individual capacity claims against Defendants Garrett and Ball proceed.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Dated this 24th day of March 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE